# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 98-CR-86-TCK |
| ) | |
| JASON RYAN EATON, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (Doc. 42) filed by Defendant Jason Ryan Eaton ("Defendant"). The Court did not order the United States to respond.

**I.   Background**

Defendant was charged in a six-count Indictment on June 5, 1998. On August 24, 1998 Defendant pled guilty to two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("924(c) violations"), and one count of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 ("§ 1951 violation"). The Court sentenced Defendant to a total of 468 months. The Tenth Circuit affirmed Defendant's conviction and sentence on September 25, 2009, and the Supreme Court denied certiorari on March 5, 2001. This is Defendant's first motion for post-conviction relief.

**II.   Timeliness**

Defendant's § 2255 Motion was not filed within one year from the date his conviction became final on March 5, 2001 and is untimely under the general statute of limitations contained in 28 U.S.C. § 2255(f)(1). Defendant contends that his motion is timely under 28 U.S.C. §

2255(f)(3), which provides that a motion is timely if filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant argues that the Supreme Court's decision in *Bond v. United States*, - - - 134 S. Ct. - - - 2077 (2014), recognizes a new right that applies to one or more of his convictions and that was made retroactively applicable to cases on collateral review.

In *Bond*, the Supreme Court reversed a conviction under the Chemical Weapons Convention Implementation Act ("CWCIA"), 18 U.S.C. § 229. The defendant made a statutory construction argument and a constitutional argument, *id.* at 2086, but the majority opinion reached only the statutory argument, *id.* at 2087 (relying on principle that Court normally will not decide constitutional question if there is some other ground upon which to dispose of the case). After discussing principles of statutory construction and federalism, the Court held that the conduct at issue – which consisted of a woman spreading certain chemicals on her husband's lover's car door, mailbox, and doorknob with the intent to cause a rash – fell outside the reach of the statute because Congress did not intend to criminalize this type of "purely local" crime. *Id.* at 2091. Notably, the United States did not defend the statute or conviction based on Congress's power to regulate interstate commerce, which is how the United States most "frequently defends federal criminal legislation." *Id.* at 2087.

*Bond* does not announce any "new right" that is applicable to Defendant's § 1951 conviction or his § 924(c) convictions. Unlike the CWCIA, 18 U.S.C. § 1951 only criminalizes behavior that affects interstate commerce and therefore does not criminalize the type of "purely local" conviction at issue in *Bond*. *See* 18 U.S.C. § 1951 (entitled "[i]nterference with commerce by threats or

2

violence") (defining crime as "obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ."). Similarly, § 924(c)(1), although lacking an express jurisdictional requirement, has been deemed a valid exercise of Congress' Commerce Clause power because the underlying crimes of violence and drug trafficking crimes are activities that substantially affect interstate commerce. *United States v. Nguyen*, 155 F.3d 1219, 1227 (10th Cir. 1998) (listing cases holding same). Therefore, with respect to Defendant's convictions, there is no concern that Defendant was convicted for committing a "purely local" crime. Nor is there any concern as to whether Congress intended the statute to reach Defendant's conduct.

The Court concludes that *Bond* has no relevance to Defendant's convictions; § 2255(f)(3) does not apply to extend the ordinary statute of limitations in § 2255(f)(1); and Defendant's § 2255 motion is untimely. *See Holmes v. United States*, No. 09-CR-126-JGK, 2014 WL 6879061, at *1-2 (S.D.N.Y. Dec. 5, 2014) (holding that *Bond* had "no bearing" on the defendant's § 1951 and § 924(c) convictions and that there was "no colorable argument that the Government did not have the authority to prosecute the petitioner under those statutes") (denying § 2255 motion as untimely); *see also United States v. Medlock*, No. 14-CR-24-CVE, 2014 WL 2987028, at *5 (N.D. Okla. July 2, 2014) (holding that *Bond* merely "reaffirmed the principle that a statute should not be interpreted as reaching purely local crimes, absent clear indication from Congress" and that the crime alleged in the indictment – attempt to defraud a financial institution – implicated a pertinent federal interest) (denying pre-trial motion to dismiss).

### III. Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently. A certificate of appealability shall be denied.

**IV.    Conclusion**

Defendant's § 2255 Motion (Doc. 42) is dismissed with prejudice as untimely. A certificate of appealability is denied. A separate Judgment shall be entered.

DATED this 1st day of April, 2015.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

4