## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 98-CR-86-TCK |
| ) | |
| JASON RYAN EATON, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is Defendant's motion to reduce sentence (Doc. 56), which is based on *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015). The Court converted the motion to reduce sentence to a motion arising under 28 U.S.C. § 2255. *See United States v. Bowman*, --- F. App'x --; 2016 WL 1598745, at *2 (10th Cir. Apr. 21, 2016) (holding that § 3582 governing sentence reductions "may not be used to challenge the constitutionality of a sentence based on a decision of the United States Supreme Court" and that *Johnson* challenge could be raised only under § 2255).

Defendant has previously filed a § 2255 motion, which the Court dismissed as untimely. (Doc. 48.) A dismissal with prejudice for untimeliness is a decision on the merits, such that future requests for habeas relief are considered "second or successive" petitions. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Further, the Tenth Circuit has held that § 2255 motions based on *Johnson* are properly treated as second or successive petitions. *United States v. Baker*, No. 16-3001, 2016 WL 1391861, at *1-2 (10th Cir. Apr. 7, 2016) (rejecting defendant's arguments that his *Johnson* motion fit into narrow categories of motions not deemed "second or successive"). Therefore, Defendant's motion is a second or successive § 2255 motion.

"A prisoner may not file a 'second or successive' motion under § 2255 unless it is 'certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (citing 28 U.S.C. § 2255, ¶ 8.) When, as here, a defendant fails to obtain such certification, the district court may either dismiss the successive motion for lack or jurisdiction, or, if it is in the interest of justice, transfer the matter to the appellate court pursuant to 28 U.S.C. § 1631. *Id.* The district court should consider the following factors in deciding whether a transfer is in the interest of justice: whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

After consideration of these factors, the Court finds that transferring Defendant's § 2255 motion is in the interest of justice because the claim is not time barred,[1] was filed in good faith based on *Johnson*, and could possibly have merit based on the nature of Defendant's underlying convictions. Therefore, Defendant's motion (Doc. 56) is transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631.

DATED this 5th day of August, 2016.

*Terence Kern*

**TERENCE KERN**
**United States District Judge**

---

[1] Defendant's motion is file-stamped July 5, 2016 but was postmarked on June 23, 2016.