IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 98-CR-86-TCK |
| | ) |
| JASON RYAN EATON, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is the Plaintiff's Motion to Dismiss Defendant Jason Ryan Eaton's ("Eaton") Successive §2255 Motion (Doc. 71).

**I. Background**

In March and April of 1998, Eaton robbed two Tulsa gas stations, wielding a pistol. (PSR at ¶¶ 7-11). He attempted to rob a third, shooting a clerk in the process. (Id. at ¶ 12). A grand jury returned a six-count indictment, charging Eaton with two counts of Hobbs Act robbery, in violation of 18 U.S.C. §1951 (Counts One and Three); two counts of using and carrying a firearm during and in relation to the Hobbs Act robberies, in violation of 18 U.S.C. § 924(c) (Counts Two and Four); one count of attempted Hobbs Act robbery (Count Five); and a third violation of § 924(c) in connection with the attempted Hobbs Act robbery (Count Six). (Doc. 1). In 1998,Eaton pleaded guilty to Counts Two, Four, and Five of the indictment, pursuant to a plea agreement in which the government agreed to dismiss the two Hobbs Act robbery counts in Counts One and Three, and the third § 924(c) violation in Count Six. (See PSR at ¶¶ 5-6). Eaton filed a motion to withdraw his guilty plea, which this Court denied. This Court then sentenced Eaton to a total of

468 months imprisonment, comprised of consecutive terms of 168 months on Count Five, 60 months on Count Two, and 240 months on Count Four.

At the time of Eaton's offenses, § 924(c) prohibited using or carrying a firearm during or in relation to a crime of violence. The statute defines "crime of violence" as a federal offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Each of his § 924(c) convictions were premised on a corresponding Hobbs Act robbery. The Hobbs Act, 18 U.S.C. § 1951(b)(1), defines robbery, in pertinent part, as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Eaton appealed both his sentence and this Court's denial of his motion to withdraw his guilty plea; the Tenth Circuit affirmed the denial of his motion to withdraw and dismissed his sentencing appeal. *United States v. Eaton*, 229 F.3d 1165, 2000 WL 1225550 (10th Cir. 2000) (unpublished).

In 2015, Eaton filed his first motion under 28 U.S.C. § 2255; this Court dismissed that motion as untimely. (Doc. 48). Eaton appealed the dismissal and the Tenth Circuit declined to

issue a certificate of appealability, dismissing the appeal. *United States v. Eaton*, 614 F. App'x 380 (10th Cir. 2015) (unpublished).

In 2016, Eaton moved to reduce his sentence under *Johnson v. United States*, 135 S.Ct. 2551 (2015). This Court converted it to a motion under 28 U.S.C. § 2255, found that it was "not time barred, was filed in good faith based on *Johnson* and transferred the motion to the Tenth Circuit to allow Eaton to seek authorization to file a second or successive § 2255 motion. (Doc. 58 at 2). In the Tenth Circuit, Eaton supplemented his application to file a successive § 2255, arguing that his two § 924(c) convictions should be vacated because the underlying Hobbs Act robberies could only be construed as a crime of violence under the residual clause of § 924(c)(3)(B), which the Supreme Court held unconstitutionally vague in *United States v. Davis*, 139 S.Ct. 2319 (2019). The Tenth Circuit granted Eaton permission to file a second or successive § 2255 but did not consider the merits of his motion. (*In re: Jason Ryan Eaton*, No. 16-5120, Order filed December 12, 2019; See Doc. 67).

Eaton has now filed his second or successive § 2255 motion in this Court arguing that his conviction and sentence under § 924(c) should be vacated because Hobbs Act Robbery is no longer a crime of violence under § 924(c) after *Davis*. (Doc. 68).

**II. Analysis**

Tenth Circuit precedent forecloses Eaton's motion by holding that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A). See *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); see also *United States v. Myers*, 786 F.App'x 161 (10th Cir. 2019) (unpublished) (citing *Melgar-Cabrera*). Eaton's successive § 2255 motion merely

preserves his claim in the event the Tenth Circuit or the Supreme Court reverse or overrule *Melgar-Cabrera*. *Id*.

Further, Eaton cannot surmount the second procedural hurdle for his successive § 2255 motion. Hobbs Act robbery contains an element requiring the use, attempted use, or threatened use of force. Therefore, he cannot meet his burden to show that, even at the time of his conviction, he was convicted based upon the residual clause in § 924(c)(3)(B), rather than the elements clause of § 924(c)(3)(A). As a result, he cannot establish that *Davis* had any effect on the validity of his convictions, and he cannot satisfy § 2255(h)(2) by showing that his motion rests on a new rule of constitutional law. See *United States v. Rushing*, No. 05-CR-108-TCK, 2020 WL 2517233 at *3 (N.D.Okla. May 15, 2020) (unpublished).

Accordingly, Plaintiff's Motion to Dismiss Defendant Jason Ryan Eaton's Successive §2255 Motion (Doc. 71) is granted. Eaton's second or successive § 2255 motion (Doc. 68) is dismissed.

**IT IS SO ORDERED this 19th day of October 2020.**

TERENCE C. KERN
United States District Judge