IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 98-CR-86-TCK |
| JASON RYAN EATON, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

On October 19, 2020, this court issued an order denying Defendant Jason Ryan Eaton's ("Eaton") § 2255 motion to vacate, set aside, or correct his sentence. (Doc. 76). Eaton seeks to appeal the court's order, but he cannot proceed to the Tenth Circuit without a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1). And Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Until September 2017, the Tenth Circuit relied on its decision in *United States v. Kennedy*, 225 F.3d 1187 (10th Cir. 2000) to deem a COA denied if district courts did not rule within thirty days of the filing of the notice of appeal. However, in *United States v. Higley*, No. 17-1111, at *6–7 (10th Cir. Sep. 29, 2017) (unpublished), the Tenth Circuit held that *Kennedy* was no longer good law and that, "if the district court has not ruled on a COA, this court should order a limited remand for the district court to rule on COA."

When this court denied Eaton's § 2255 motion, it did not address whether a COA should issue. Consequently, and in light of *Higley*, the Tenth Circuit directed a limited remand for this

court "to consider whether to issue a COA for this appeal." *United States v. Eaton*, No. 20-5105 (10th Cir. November 3, 2020).

Under 28 U.S.C. § 2253(c)(2), this court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." The proper standard for that determination is a simple question: Could "reasonable jurists ... debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted), *rev'd on other grounds*, *Miller-El v. Dretke*, 545 U.S. 231 (2005). With this standard in mind, Eaton has not made the requisite showing.

The Court finds Eaton has not made a substantial showing that he was denied a constitutional right. No reasonable jurist could debate whether Eaton's petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

For the reasons above, the Court denies Eaton a COA as to his § 2255 motion.

IT IS SO ORDERED this 4th day of November, 2020.

_____
TERENCE KERN
United States District Judge